# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

RYAN CONSULTING LLC,               §
SCOTT RYAN,                        §
*Plaintiffs*                       §
                                   §          No. 1:23-CV-00609-RP
v.                                 §
                                   §
FIRSTBANK OF PUERTO RICO,          §
TERRA ROSSA, TRELLIS              §
ADVISORS, ANALYTIX                §
SOLUTIONS,                        §
*Defendants*                       §

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE ROBERT PITMAN
      UNITED STATES DISTRICT JUDGE

Before the Court is Defendant FirstBank's Motion to Dismiss Plaintiffs'
Amended Complaint or, In the Alternative, Motion to Transfer Venue, Dkt. 31; and
all related briefing. After reviewing these filings and the relevant case law, the
undersigned issues the following report and recommendation.

## I.      BACKGROUND

This case is before the Court based on diversity. Plaintiff, Scott Ryan who is
identified in the Amended Complaint as a "United States citizen" along with Plaintiff
Ryan Consulting LLC, a corporation "existing under the laws of the State of Texas,"
sue Defendants FirstBank of Puerto Rico, an FDIC bank established under the laws
of the United States with offices in Florida and Puerto Rico, Defendant Terra Rossa
Family Office LP identified as "a corporation existing under the laws of the State of

Texas," Defendant Trellis Advisors LP identified as "a corporation existing under the laws of the State of Texas" and Defendant Analytix Business Solutions LLC identified as "a corporation existing under the laws of the State of Massachusetts." Dkt. 5.

Plaintiffs claim that FirstBank made two unauthorized fund transfers of Scott Ryan's monies to unauthorized third parties. He seeks recovery of those funds plus punitive damages, interest, costs, and attorney's fees. Defendant FirstBank moves to dismiss, asserting that all events relevant to Plaintiffs' claims occurred in Puerto Rico, and this court lacks personal jurisdiction over it. Alternatively, FirstBank moves to transfer this action to the United States District Court for the District of Puerto Rico. Plaintiffs oppose the motion. Because the undersigned finds the Court does not have personal jurisdiction over FirstBank, it declines to address its arguments regarding improper venue.

## II.    LEGAL STANDARD

The Federal Rules of Civil Procedure allow a defendant to assert lack of personal jurisdiction as a defense to suit. Fed. R. Civ. P. 12(b)(2). On such a motion, "the plaintiff bears the burden of establishing the district court's jurisdiction over the nonresident." *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985). The court may determine the jurisdictional issue "by receiving affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery." *Id.* But when, as here, the Court rules on the motion without an evidentiary hearing, the plaintiff need only present a *prima facie* case that personal jurisdiction is proper; proof by a preponderance of the evidence is not required. *Walk*

*Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 241 (5th Cir. 2008). Uncontroverted allegations in a plaintiff's complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in the plaintiff's favor. *Id.* Nevertheless, a court need not credit conclusory allegations, even if uncontroverted. *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001) (per curiam).

## III.     DISCUSSION

In its motion, Defendant FirstBank argues that Plaintiffs' claims arise from events that occurred in Puerto Rico and that the Court lacks personal jurisdiction over it. FirstBank relies on Plaintiffs' Amended Complaint in support. Dkt. 5.

### A.     Relevant Factual Allegations

The following facts are uncontroverted. FirstBank is a depository bank incorporated in Puerto Rico, which provides banking and financial services solely in Puerto Rico, the United States Virgin Islands, and Florida. Dkt. 5, at ¶ 3.1 2. As of April 21, 2022, Ryan had relocated to Puerto Rico and leased an apartment at 105 De Diego Avenue, Apartment 1001-S, San Juan, Puerto Rico 00907. Dkt. 31-1, at 1. Ryan gave an interview on October 20, 2022, stating that he relocated to Puerto Rico for lower taxes. Dkt. 31-2, at 11. He stated that, "I moved to Puerto Rico … turns out in Puerto Rico, if you're here for 183 days a year, you pay zero capital gains. I generate quite a bit of my income with discretionary bonuses by hitting targets, milestones, and whatnot. So, I'm an earner in that regard. Well, in Puerto Rico, you spend 183 days a year, you pay 4% income tax." *Id.*

3

On or around May 1, 2022, Ryan visited FirstBank's Ashford Avenue branch to open a personal bank account. Dkt. 5, at ¶ 11; Dkt. 31-3. Bank employee Gabriela Alonso interviewed Ryan, and Ryan related that he had relocated to Puerto Rico with the intent of benefiting from "Act 60's" tax incentives. Dkt. 31-3, at 2. Alonso further noted that Damaris Rivera was working with Ryan's Act 60 decree. *Id.*

On May 10, 2022, Ryan incorporated RCL with the Puerto Rico Department of State. Dkt. 31-4. Ryan informed the Department that he would be the only authorized member and provided the Department with the same address of the property which he had already leased. *Id.* Ryan also submitted the same address for RCL's principal office and its Resident Agent. *Id.*

On May 10, 2022, Ryan also executed RCL's Operating Agreement, which confirmed these details and provided that RCL would engage in all lawful business permitted under the laws of Puerto Rico. Dkt. 31-5, at 1-2 §§ 1.3, 1.4, & 1.5. The Internal Revenue Service also sent RCL its Employer Identification Number to Ryan's Puerto Rico address, and RCL registered its business with the Puerto Rico Department of the Treasury. Dkt. 31-6 & Dkt. 31-7.

On March 1, 2022, Ryan opened a commercial account for RCL at FirstBank. Dkt. 31-8, at 5. To set up this commercial account, Ryan executed a Commercial Services Addendum and Special Provisions. *Id.* The Addendum provided that it was "part of the Commercial Transaction Banking Terms and Conditions [which] shall prevail over any other prior agreement or engagement." *Id.*, at 2. Ryan confirmed that he had "received the Commercial Transaction Banking Terms and Conditions of the

services contracted herein, ha[d] read it and agree[d] with all its parts." *Id.*, at 6. The Commercial Transaction Banking Terms and Conditions contain "the covenants under which FirstBank provide[s] the Commercial Transaction Banking Services [...] for Cash Management." Dkt. 31-9, at 8. Contained within is a forum selection and choice of law clause designating Puerto Rico as the parties' exclusive forum. Dkt. 31-9, at 25.

In the Amended Complaint, Plaintiffs pleaded that after setting up RCL's account, Ryan would deposit his monies into RCL's account, and otherwise authorize withdrawals, debits, and other funds transfers from that account. Dkt. 5, at ¶ 12. However, on March 10, 2023, an unauthorized third-party hacked into Ryan's email account, and purportedly induced FirstBank to add Naeem Razwani as an authorized signer on RCL's account. *Id.,* at ¶ 14. Consequently, on March 21, 2023, and March 23, 2023, two improper transfers were allegedly made from the RCL account to "an unauthorized third party." *Id.*, at ¶¶ 16, 18. Ryan alleges that he discovered these transfers on March 31, 2023, when he visited FirstBank's Ashford Avenue branch. *Id.*, at ¶ 24.

In his Response, supported by his Declaration, Dkt. 37-1, Ryan asserts that he lived in both Puerto Rico and Texas during the time he held accounts at FirstBank and was in Texas at the times the improper transfers occurred. Ryan identifies three main bases of personal jurisdiction over FirstBank: (1) FirstBank attracted his business by touting the ability to remotely access the bank's services, including through its "Digital Banking System" to allow him to transact business in that

account while located elsewhere; (2) Ryan was physically in Austin[1] when the monies were taken from the account; and (3) Ryan communicated with FirstBank via email through his account held and serviced by Terra Rossa Family Office LP and Trellis Advisors LP, which Plaintiffs have alleged in their Amended Complaint and briefing are Texas companies. Dkt. 35, at 7. Plaintiffs also request jurisdictional discovery into FirstBank's contacts with Texas, arguing that FirstBank might serve other Texas customers.

### B.    Personal Jurisdiction

The Court conducts a two-step inquiry when a defendant challenges personal jurisdiction. *Frank v. P N K (Lake Charles) L.L.C.*, 947 F.3d 331, 336 (5th Cir. 2020). First, absent a controlling federal statute regarding service of process, the Court must determine whether the forum State's long-arm statute confers personal jurisdiction over the defendant. *Id.* Second, the Court must determine whether the exercise of jurisdiction is consistent with due process. *Id.*

In Texas, the long-arm statute's broad doing business language authorizes personal jurisdiction over a nonresident defendant as far as the federal constitutional requirements of due process will allow. *Id.* (citing *Zinc Nacional, S.A. v. Bouche Trucking, Inc.*, 308 S.W.3d 395, 397 (Tex. 2010)). The Due Process Clause permits the

---

[1] "I was living at my apartment in Austin from November 2022 through March 2023 for extended periods of time during that interval when I was not in Puerto Rico.... I was located outside of Puerto Rico and in Texas from February 22nd through March 19th and March 21st through 26th. Later I was told that the first two unauthorized transactions took place on March 21st and 23rd, which was when I was physically staying and conducting business in Austin, Texas." Dkt. 35-1, at 4.

exercise of personal jurisdiction over a nonresident defendant when the defendant has established minimum contacts with the forum state "such that maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). "[M]inimum contacts" can give rise to two types of personal jurisdiction: general or specific. *See, e.g., Frank*, 947 F.3d at 336.

        1.     General Jurisdiction

General jurisdiction exists only when the defendant's contacts with the forum are so "'continuous and systematic' as to render them essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (quoting *Goodyear Dunlop Tires Operations., S.A. v. Brown*, 564 U.S. 915, 919 (2011)). General jurisdiction requires the defendant to be "'essentially at home' in the State." *Goodyear,* 564 U.S. at 919. A corporation is at home in at least two places: where it's incorporated and where it has its principal place of business. *Ford Motor Co. v. Mont. 8th Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024 (2021). Courts in those jurisdictions—the place of incorporation and the principal place of business—can exercise general personal jurisdiction over the defendant, no matter the jurisdiction's connection to the claim involved. *Id.* The Fifth Circuit has instructed both district courts and practitioners alike that finding general jurisdiction based upon any factors not described in *Daimler* is virtually impossible absent exceptional circumstances, which do not exist here. *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 431 (5th Cir. 2014) ("It is,

therefore, incredibly difficult to establish general jurisdiction in a forum other than the place of incorporation or principal place of business.").

Because FirstBank is not incorporated in Texas and does not have its principal place of business in Texas, and because Plaintiffs cannot otherwise make a *prima facie* case that FirstBank is essentially at home in Texas, the Court does not have general jurisdiction over FirstBank. *See Ford*, 141 S. Ct. at 1024; *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415-19 (1984) (finding that the court did not have general jurisdiction even where the nonresident defendant negotiated a contract in Texas, purchased helicopters from Texas, trained personnel in Texas, and had monetary transactions involving a Texas bank).

### 2.    Specific Jurisdiction

Specific jurisdiction is proper when a plaintiff alleges a cause of action that grows out of or relates to a contact between the defendant and the forum state. *See, e.g., Admar Int'l, Inc. v. Eastrock, L.L.C.*, 18 F.4th 783, 786 (5th Cir. 2021). In evaluating whether due process permits the exercise of specific jurisdiction, the Court will consider: (1) whether the defendant has purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable. *Liberstat v. Sundance Energy, Inc.*, 978 F.3d 315, 318-19 (5th Cir. 2020) (cleaned up). "It's the plaintiff's burden to establish the first

two prongs," while the defendant bears the burden on the third. *See, e.g.*, *Seville v. Maersk Line, Ltd.*, 53 F.4th 890, 895 (5th Cir. 2022).

It is "essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Pervasive Software Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 222 (5th Cir. 2012). Due process permits an exercise of specific jurisdiction only when the defendant "'purposefully directed' [its] activities at residents of the forum." *Burger King*, 471 U.S. at 472. Consequently, the court's analysis must focus on "the relationship among the defendant, the forum, and the litigation." *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977). But a minimum-contacts analysis involves more than counting the nonresident's contacts with the forum. *Stuart*, 772 F.2d at 1189-90. A court cannot exercise personal jurisdiction over a party when the foreign party's contacts with the forum state are "fortuitous" or "attenuated," or arise from the unilateral activity of another party. *Burger King*, 471 U.S. at 475 (noting that the "unilateral activity of another party" cannot produce minimum contacts for personal jurisdiction).

Plaintiffs attempt to establish personal jurisdiction by arguing that Ryan "predominantly communicated with the bank over the phone providing voice verification of [ ] transactions." Dkt. 35, at 5. And, that "when Ryan first contacted the bank to inquire about opening an account, FirstBank sold him on doing so, in part, by touting its services that would allow Ryan [to] access the bank from anywhere." *Id.* Plaintiffs further argue that FirstBank knew that Ryan spent

considerable time in Texas as well as Puerto Rico, and sold him on its Digital Banking System, which would allow him to conduct transfers and transactions "from anywhere with an internet connection." *Id.*, at 5-6.

The Fifth Circuit has held "a defendant does not have minimum contacts with a state when it does not have a physical presence in the state; it did not conduct business in the state; and the contract underlying the business transaction at issue in the lawsuit was not signed in the state and did not call for performance in the state." *Monkton Ins. Servs.,* 768 F.3d at 433 (citing *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006)). It is uncontroverted that FirstBank has no physical presence in Texas, and that the banking contracts in issue her were signed in Puerto Rico and did not specifically call for performance in Texas. Additionally, "the plaintiff's own contacts with the forum [cannot] be used to demonstrate contacts by the defendant." *Monkton Ins. Servs.*, 768 F.3d at 433 (citing *Walden v. Fiore*, 571 U.S. 277, 284 (2014)).

To the extent that Ryan relies on the fact that FirstBank entered into a banking contract with him knowing he lived in Texas some of the time, this is inadequate to establish personal jurisdiction. "Merely contracting with a resident of the forum state does not establish minimum contacts." *Moncrief Oil Int'l, Inc. v. OAO Gazprom,* 481 F.3d 309, 311 (5th Cir. 2007). And "knowledge of [Plaintiff's] residence, alone, does not create a *prima facie* case for personal jurisdiction." *Cunningham v. Nationwide Security Solutions, Inc.*, No. 3:17-cv-337-S-BN, 2018 WL 4575005, at * 14 (N.D. Tex. Aug. 31, 2018). Ryan reached out to FirstBank to open an account and did

so while he was physically in Puerto Rico, relating he intended to move there for beneficial taxes. Minimum contacts must be targeted contacts, not merely fortuitous ones. *Burger King*, 471 U.S. at 475. Ryan's choice to bank at FirstBank is an insufficient basis for jurisdiction.

Moreover, Ryan incorporated Ryan Consulting LLC, from whose account the funds were allegedly wrongly transferred, with the Puerto Rico Department of State. Dkt. 31-4; *Monkton Ins. Servs.,* 768 F.3d at 433 (finding no personal jurisdiction over bank located in the Cayman Islands for entering into contract with Cayman entity). And any wire transfers or telephone banking transactions between Ryan and FirstBank were initiated by Ryan and are thus insufficient to confer jurisdiction. *Id.* (citing *Walden,* 571 U.S. at 28) (stating "the relationship must arise out of contacts that the 'defendant *himself*' creates with the forum state."); *see also Patterson v. Dietze, Inc.*, 764 F.2d 1145, 1147 (5th Cir. 1985) (holding that numerous telephone calls from defendant to forum are insufficient to support specific jurisdiction); *Holt Oil & Gas Corporation v. Harvey*, 801 F.2d 773, 778 (5th Cir. 1986), *cert. denied*, 481 U.S. 1015 (1987) (finding that no specific jurisdiction despite "'extensive telephonic and written communication' with a Texas resident"); *Tornado Bus Co. v. Bus & Coach Am. Corp.*, No. 3:14-CV-3231, 2014 WL 7333873, at *4 (N.D. Tex. Dec. 23, 2014) (courts are reluctant to find jurisdiction based only on emails and phone calls because reliance on telephone calls and email can no longer reliably prove purposeful availment, given the fact that technology now permits an individual anywhere in the world to be reached by a single telephone number or a single email address).

11

Additionally, despite offering the ability to conduct banking from "anywhere with an internet connection," there is no evidence that by doing so FirstBank intentionally directed that access to Texas, rather than any other location in the world. *See Pervasive Software*, 688 F.3d at 228 ("[t]he unilateral activity of [a plaintiff] who claim[s] some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State"); *Admar*, 18 F.4th at 786 (an interactive website does not confer jurisdiction in cases when the website does not distinguish the forum state from any other state).

Ryan also argues that FirstBank's communications with him via his email account held and serviced by Terra Rossa Family Office LP and Trellis Advisors LP, both Texas entities, is sufficient to establish personal jurisdiction over FirstBank in Texas. Dkt. 35, at 9. The location of servers in Texas is not an adequate basis for personal jurisdiction, as the location of servers could be merely fortuitous. *See, e.g., Chang v. Virgin Mobile USA, LLC*, No. 3:07-CV-1767-D, 2009 WL 111570, at *4 (N.D. Tex. Jan 16, 2009) (noting courts have rejected argument that physical location of computer servers can be basis for personal jurisdiction); *see also BidPrime, LLC v. SmartProcure, Inc.*, No. 1:18-CV-478-RP, 2018 WL 5260050, at *2-3 (W.D. Tex. Oct. 22, 2018); *GreatFence.com, Inc. v. Bailey*, 726 F. App'x 260, 261 (5th Cir. 2018) (per curiam) (suggesting that "'the level of contact created by the connection between an out-of-state defendant and a web server located within a forum' is 'de minimis'"). The undersigned finds that the location of Ryan's email host is insufficient to establish personal jurisdiction over FirstBank.

Ryan also asserts personal jurisdiction based on the fact that he was physically present in Texas when the alleged harm occurred, invoking the effects test from *Calder v. Jones*, 465 U.S. 783 (1984), a defamation case. But Ryan does not allege that FirstBank intentionally directed its activities to Texas or knew that it was highly likely Ryan would suffer harm in this State. In fact, FirstBank had no way of knowing where Ryan might be located, as he has admitted he represented his residence was in Puerto Rico and Texas and that he traveled often. Ryan's presence in Texas at the time of the injury was merely fortuitous.  As Judge Rosenthal explained in granting motions to set aside a default judgment and dismiss for lack of personal jurisdiction:

> "'Effects' jurisdiction is premised on the idea that an act done outside a state that has consequences or effects within the forum state can suffice as a basis for personal jurisdiction if the effects are seriously harmful and were intended or highly likely to follow from the nonresident defendant's conduct." *Stroman Realty, Inc. v. Wercinski*, 513 F.3d 476, 486 (5th Cir. 2008). "Such jurisdiction is rare." *Id.* "That the 'effects' test of *Calder* applies outside of the defamation context is clear; but the effects test is not a substitute for a nonresident's minimum contacts that demonstrate purposeful availment of the benefits of the forum state." *Allred v. Moore & Peterson*, 117 F.3d 278, 286 (5th Cir. 1997). Otherwise, "a nonresident defendant would be subject to jurisdiction in Texas for an intentional tort simply because the plaintiff's complaint alleged injury in Texas to Texas residents regardless of the defendant's contacts." *Panda,* 253 F.3d at 870.

*RCT Growth Partners L.L.C. v. Quad Ocean Grp. Ltd.*, No. H-14-2242, 2015 WL 5192492, at *5 (S.D. Tex. Sept. 3, 2015); *see also Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 400 (5th Cir. 2009) ("The 'effects' test in *Calder* does not supplant the need to demonstrate minimum contacts that constitute purposeful availment, that is, conduct by the non-resident defendant that invoked the benefits and protections of the state or was otherwise purposefully directed toward a state resident.").

Mere injury to a forum resident is not a sufficient connection to the forum. *Sangha v. Navig8 ShipManagement Private Ltd.*, 882 F.3d 96, 103 (5th Cir. 2018) (citing *Walden*, 571 U.S. at 290) ("'Regardless of where a plaintiff lives or works, an injury is jurisdictionally relevant only insofar as it shows that the defendant has formed a contact with the forum State.'"). In this case, Ryan has shown no act by FirstBank directed toward Texas, which caused him harm. He does not allege that FirstBank hacked his email accounts. Ryan's presence in Texas at the time the alleged wrongful transfers occurred is insufficient to establish personal jurisdiction over FirstBank.

The undersigned finds that Plaintiffs have failed to establish that FirstBank has purposely availed itself of the privilege of conducting business in Texas or that Plaintiffs' injuries arise from FirstBank's contacts with Texas. Accordingly, the undersigned need not conduct a fairness-factor analysis. *See Stuart* 772 F.2d at 1191-92. Plaintiffs have failed to establish that FirstBank has minimum contacts with Texas, and this Court does not have jurisdiction over it. Accordingly, all claims against FirstBank should be dismissed without prejudice and may be refiled in a judicial district with personal jurisdiction over FirstBank.

### C.    Request for Jurisdictional Discovery

Plaintiffs request jurisdictional discovery, arguing that FirstBank has not properly supported its claim with evidence that its contacts do not extend into Texas. Dkt. 35, at 7. To obtain jurisdictional discovery, the plaintiff must make at least "a preliminary showing of jurisdiction." *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d

14

419, 429 (5th Cir. 2005) (citing *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003)); *Next Techs., Inc. v. ThermoGenisis, LLC*, 121 F. Supp. 3d 671, 676 (W.D. Tex. 2015). To make a preliminary showing, the plaintiff must allege facts "that suggest with reasonable particularity the possible existence of requisite contacts." *Next Techs.*, 121 F. Supp. 3d at 676 (quotation omitted); *see also Monkton*, 768 F.3d at 434 ("A plaintiff is not entitled to jurisdictional discovery when 'the record shows that the requested discovery is not likely to produce the facts needed to withstand a Rule 12(b)([2]) motion.'" (quoting *Freeman v. United States*, 556 F.3d 326, 342 (5th Cir. 2009))). To show that discovery would be fruitful, ideally the plaintiff would state the "facts [it] hoped to obtain" from discovery and how they would support personal jurisdiction. *See Kelly v. Syria Shell Petrol. Dev. B.V.*, 213 F.3d 841, 855 (5th Cir. 2000). In any event, "[w]hen the lack of personal jurisdiction is clear, discovery would serve no purpose and should not be permitted." *Wyatt v. Kaplan*, 686 F.2d 276, 284 (5th Cir. 1982).

The undersigned finds that Plaintiffs have failed to make a preliminary showing that discovery would yield the facts necessary to withstand dismissal. *See Johnson v. TheHuffingtonPost.com, Inc.*, 21 F.4th 314, 326 (5th Cir. 2021). Plaintiffs maintain that FirstBank might have other Texas customers. However, the presence of other customers in Texas is insufficient to establish jurisdiction over FirstBank. *See, e.g., Coulter v. Deere & Co.*, No. 4:21-cv-2105, 2022 WL 3212999, at *5 (S.D. Tex. Aug. 9, 2022) (denying jurisdictional discovery where plaintiff "has not provided a basis to dispute the evidence showing that [defendant] does not have minimum

contacts in Texas and he has not alleged facts supporting that discovery would change this jurisdictional analysis"); *Bar Grp., LLC v. Bus. Intel. Advisors, Inc.*, 215 F. Supp. 3d 524, 562 (S.D. Tex. 2017) (denying jurisdictional discovery where movant "has only offered speculation as to jurisdiction and is waging a fishing expedition into jurisdictional facts") (internal quotation marks omitted). Plaintiff's request for jurisdictional discovery is **DENIED**.

### D.    Subject Matter Jurisdiction

The Court has the ability to assess jurisdiction sua sponte. "[S]ua sponte dismissal is mandatory when a court discovers that it lacks subject-matter jurisdiction." *Carver v. Atwood*, 18 F.4th 494, 497 (5th Cir. 2021); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). The parties have not addressed nor briefed the issue of diversity, upon which Plaintiffs base jurisdiction. However, based on Plaintiffs' arguments, despite his pleading that he is a "United States citizen" it appears Ryan lives in both Texas and Puerto Rico. He cannot be a citizen of both.  A person may reside in multiple States simultaneously, but "[a]n individual who resides in more than one State is regarded, for purposes of federal subject-matter (diversity) jurisdiction, as a citizen of but one State." *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006). That is the State in which the person is domiciled. *Id.*

Plaintiffs also do not plead the citizenship of any other entity. Plaintiffs merely plead that Plaintiff Ryan Consulting LLC, Defendants Terra Rossa Family Office LP and Trellis Advisors LP are "corporation[s] existing under the laws of the State of

Texas." Dkt. 5. The citizenship of a limited partnership or limited liability company is determined by the citizenship of its members. *See Carden v. Arkoma Associates*, 494 U.S. 185, 195 (1990) (diversity jurisdiction is determined by the citizenship of "all the members" of the unincorporated entity or limited partnership). "When jurisdiction depends on citizenship, citizenship must be '*distinctly* and *affirmatively* alleged.'" *Getty Oil Corp., a Div. of Texaco v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988). The allegations of a LP's citizenship must include the identity of each member as well as each member's citizenship. *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017). Moreover, if any member of the LP is itself an unincorporated association such as a partnership or LLC, the Court must "know the citizenship of each 'sub-member' as well." *V & M Star, LP v. Centimark Corp.*, 596 F.3d 354, 356 (6th Cir. 2010).

FirstBank has submitted evidence, in the form of Ryan's LinkedIn profile, that he is a "partner" of Terra Rossa. Dkt. 37-1. Because Plaintiffs fail to distinctly and affirmatively identify all of the members of the two limited partnerships and their respective citizenship, as well as Ryan Consulting LLC, and because Plaintiffs fails to identify the citizenship of Scott Ryan, the diversity of the parties' citizenship is still unclear. Accordingly, the undersigned **ORDERS** Plaintiffs to amend their Complaint **ten days after the date the District Court acts on this Report and Recommendation** to clarify the citizenship of all parties. Plaintiffs cannot claim they do not have access to information regarding their own citizenship and parties which they own, control, or of which they are members or partners.

### E.      Request for Expedited Discovery

Plaintiffs also move for expedited discovery. Dkt. 34. Plaintiffs seek discovery:

> comprised of communications with the alleged unauthorized third party,
> details regarding the transactions, as well as any technical information
> related to the transactions and communications with the unauthorized
> third party such as Internet Protocol (IP) addresses, call logs, sensitive
> support logs, service tickets, and documents related to other cases
> concerning unauthorized fraud to ensure that evidence is preserved.
> There is a limited number of witnesses and custodians to take deposition
> testimony and collect information from.

*Id.* Plaintiffs assert that much of this evidence is vulnerable to being deleted over time, and as it ages will prove less valuable in ongoing attempts to recover the funds that FirstBank transferred without Plaintiffs' authorization.

Courts within the Fifth Circuit have used some version of the "good cause standard" which considers (1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made. *Stockade Cos. v. Kelly Rest. Grp., LLC*, No. 1:17-CV-143-RP, 2017 WL 2635285 at 2 (W.D. Tex. June 19, 2017).

The undersigned finds that Plaintiffs have failed to establish the necessary good cause to allow expedited discovery. Based on the analysis above, the Court lacks personal jurisdiction over FirstBank. Additionally, Plaintiffs also allege that they sent FirstBank a notice and preservation letter. Dkt. 34, at 4. There is no reason to believe FirstBank would not comply with that letter and no argument supporting that

18

this case is different from any other thereby necessitation expedited discovery. Plaintiffs' Opposed Motion for Expedited Discovery, Dkt. 34 is **DENIED**.

## IV.    SUMMARY OF ORDERS

As stated above, Plaintiff's request for jurisdictional discovery is **DENIED**. Plaintiffs' Opposed Motion for Expedited Discovery, Dkt. 34 is **DENIED**. The undersigned **ORDERS** Plaintiffs to amend their Complaint **ten days after the date the District Court acts on this Report and Recommendation** to clarify the citizenship of all parties.

## V.    RECOMMENDATION

Also, in accordance with the foregoing discussion, the undersigned **RECOMMENDS** that the District Court **GRANT IN PART** Defendant FirstBank's Motion to Dismiss Plaintiffs' Amended Complaint or, In the alternative, Motion to Transfer Venue, Dkt. 31 and **DISMISS** Plaintiffs' claims against Defendant FirstBank of Puerto Rico **WITHOUT PREJUDICE**. The referral to the undersigned is **CANCELED**.

## VI.    WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen days after the party is served with a copy of the Report shall bar that party from *de novo* review

by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED September 5, 2023.

_____
DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE